HENRY A. WELLS, ADMINISTRATOR, (ESTATE OF ROBERT ELLSWORTH WELLS) *vs.* PAUL LAVITT.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued April 7th—decided May 17th, 1932.

*William M. Greenstein*, for the appellant (defendant).

*Ralph O. Wells*, with whom was *William S. Locke*, for the appellee (plaintiff).

MALTBIE, C. J.   The decedent, a boy, was killed by the overturning of a truck in which he, with some forty-nine other boys, was being carried from the farm of Max Lavitt in Ellington, where he had been working, to Hartford.   The action was originally brought against the driver of the truck, Radville, and Max and Paul Lavitt, and the jury returned a verdict for the plaintiff against all three.   The Lavitts appealed to this court and a new trial was ordered as to them. *Wells* v. *Radville*, 112 Conn. 459, 153 Atl. 154.   Upon the retrial Max Lavitt was dropped as a party and it was stipulated that the case should be heard by the court without a jury and that the evidence offered on

the original trial should be considered with the same effect as though the witnesses had appeared in court, but that the parties might introduce additional evidence. The trial court gave judgment for the plaintiff against the only defendant remaining in the case, Paul Lavitt, whom we shall refer to as the defendant, and he has appealed.

The original complaint charged all three defendants with negligence and referred to Paul Lavitt as the agent of Max Lavitt. Early in the trial the plaintiff called Max Lavitt as a witness and asked him what the relation was between him and Paul Lavitt and he answered that they were partners. Thereupon the plaintiff amended his complaint so that it referred to the defendant as the partner and agent of Max Lavitt and the defendant in answering alleged that to be the fact. The trial thereafter proceeded upon the theory that they were partners, it was so presented to us, and we speak of them in the opinion of this court as such. After our decision the plaintiff amended his complaint so as to eliminate the reference to the defendant as a partner of Max Lavitt and the defendant answered this amendment with a denial. At the beginning of the present trial the plaintiff offered testimony to prove that they were not partners and the defendant objected upon the ground that this was in effect to impeach the testimony of Max Lavitt whom the plaintiff had called as his witness. It is a rule in this jurisdiction that ordinarily a party may not directly impeach the credit of a witness whom he has voluntarily called. *State* v. *Guilfoyle,* 109 Conn. 124, 133, 145 Atl. 761; *Carpenter's Appeal,* 74 Conn. 431, 435, 51 Atl. 126. In the latter case we noted the danger of injustice in too rigid an application of this rule and we have recognized exceptions to it. One is, that where there is no purpose to attack the credibility of

a witness he has called, a party may offer other evidence contrary to his testimony to prove that in reality the facts are not as he stated them. *State* v. *Guilfoyle, supra.* In fact such contradictions in testimony are one of the common incidents of trials. The present case presents a somewhat unusual situation in that the plaintiff in the original trial evidently relied upon and accepted the testimony of Max Lavitt that he and the defendant were partners. The matter was not of particular moment in the aspect the case then took. If, when their relationship did become of consequence after a new trial was ordered, the plaintiff became satisfied that he could establish the fact that they were not partners, he was entitled to offer evidence to that effect, even though to do so would be to contradict the testimony of the witness he had called. The situation falls well within the rule which permits a party to prove a fact to be otherwise than as one of his own witnesses has testified it to be. If, in the present instance, the plaintiff too readily accepted as true the testimony of his adversary and later found that he had thereby missed the true ground upon which he should seek a recovery, justice to him requires that he should be permitted to assert that ground, though he thereby must prove his own witness to have testified wrongly. The recital in the opinion of this court when the case was before us, that Max Lavitt and the defendant were partners, was merely a statement of the effect of the evidence offered upon the other trial as we understood it, but did not make it an adjudicated fact which could not be proved otherwise upon a new trial. *McIsaac* v. *Hale,* 105 Conn. 249, 250, 135 Atl. 37.

The trial court has found that the truck was excessively overloaded; that the defendant supervised the loading of it and to enable more boys to get in

removed a bench that was in the center of it; that the overloading of the truck, because of the way in which it was constructed and the necessity that many of the boys should stand, so raised and changed the center of gravity of the load as to cause the truck to sway; that the overturning of the truck was due to the fact that the driver lost control of it; and the trial court concluded that the defendant was negligent in causing the truck to be overloaded and that this was a substantial factor in bringing about the death of the decedent. From the facts as found these were not unreasonable or illogical conclusions for the trial court to reach. The finding as made cannot be corrected nor can any additional findings of material facts be added. There is no dispute that the road where the accident occurred had been oiled and sanded the day it happened, but it would not so necessarily follow that it was slippery when the accident occurred that we could regard that as an established fact; and while there was evidence which might indicate that the truck was proceeding at a high rate of speed, we cannot hold that the trial court could only reach the conclusion that its speed was excessive; and even if the road were found to have been slippery and the speed excessive it still could reasonably be found that the overloading of the truck was a substantial factor in causing its overturn and these other circumstances but contributing conditions. Nor can we say as matter of law that negligence of the driver of the truck in proceeding at an excessive speed would be such an intervening cause as would necessarily break the chain of causation between the negligence of the defendant and the accident, or make the latter's negligence a mere condition rather than a substantial factor in bringing it about. *Mahoney* v. *Beatman,* 110 Conn. 184, 193, 147 Atl. 762; *Lombardi* v. *Wallad,* 98 Conn. 510, 120

Atl. 291; *Roden* v. *Connecticut Co.*, 113 Conn. 408, 413, 155 Atl. 721; *Burbee* v. *McFarland*, 114 Conn. 56, 60, 157 Atl. 538. The court's conclusion that the negligence of the defendant was a proximate cause of the accident must stand.

The only other question presented is the claim of the defendant that as he was the agent of Max Lavitt in supervising the loading of the truck and as Max Lavitt was liable to pay compensation for the death of the decedent under the Workman's Compensation Act, the defendant was protected from liability in an ordinary action at law by the terms of that Act. The defendant was not in such a relation to the decedent that he would be under any obligation to pay compensation to him under the Act. They were fellow employees and there did not exist between them any "mutual relation of employer and employee" such as would exempt the defendant from liability outside the terms of the Act. *Bogoratt* v. *Pratt & Whitney Aircraft Co.*, 114 Conn. 126, 130, 157 Atl. 860.

There is no error.

In this opinion the other judges concurred.