Aloys Botthof, Appellant, v. Walter Fenske, Appellee.

Gen. No. 37,586.

Heard in the second division of this court for the first district at the October term, 1934. Opinion filed May 24, 1935.

BARNABAS F. SEARS and CHARLES S. HARVEY, of Chicago, for appellant.

JOHN A. BLOOMINGSTON, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Aloys Botthof, plaintiff, brought an action of trespass on the case against defendant, Walter Fenske, for damages as a result of injuries sustained by him by reason of the alleged negligent operation of an automobile by defendant. Fenske filed three pleas, one of which was that plaintiff's sole remedy was under the Illinois Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.,* and to this plea plaintiff filed a general and special demurrer upon which he elected to stand after it was overruled by the court. Judgment was thereupon entered against plaintiff and this appeal followed.

Plaintiff's declaration contained three counts, only two of which, the second and third, are material, the first having been withdrawn before the hearing on his demurrer. The second count alleged that June 11, 1931, plaintiff was an employee of Fenske Bros., Inc., which was engaged in the manufacture and sale of furniture; that while engaged in painting and making certain adjustments of parts or repairs of certain doors in the rear of the building in which said Fenske Bros., Inc., conducted its business, he was standing on a ladder about 15 feet from the ground; that it was the duty of defendant, who was then and there in possession of and operating a certain automobile, to exercise reasonable care in the operation of such automobile for the safety of plaintiff and others; that, disregarding such duty, and while plaintiff was in the exercise of ordinary care for his own safety, defendant in operating said automobile negligently and carelessly

propelled and backed same against the ladder upon which plaintiff was standing, causing him and the ladder to be thrown with force and violence to the pavement, etc. The third count is the same as the second except that it alleges that defendant's conduct in backing the automobile against the ladder upon which plaintiff was standing and working was wanton and wilful.

Defendant filed pleas of not guilty and nonownership, nonoperation and noncontrol of the automobile in question, and later an additional plea that plaintiff's sole remedy was under the Workmen's Compensation Act. It is only with the latter plea that we are concerned on this appeal and it is as follows:

"And for a further plea in this behalf the defendant, Walter Fenske, says that the plaintiff ought not to have his aforesaid action against the defendant, Walter Fenske, aforesaid because the defendant says that on the said 11th day of June, A. D. 1931, the date upon which it is alleged the said Aloys Botthof was injured, and on the day that the cause of action accrued, if one accrued, the said Aloys Botthof was working as an employee of Fenske Bros., Inc., and the said Aloys Botthof was injured by reason of an accident arising out of and in the course of his employment.

"And defendant, Walter Fenske, says that the said defendant was likewise on the day of the accident and injury herein complained of, working as an employee of Fenske Bros., Inc., and the said Fenske Bros. and the said defendant, Walter Fenske, and the said plaintiff, Aloys Botthof, and each of them, and all of them, were operating under the Workmen's Compensation Act of the State of Illinois, and the said accident and injury to the plaintiff arose out of and in the course of his employment as an employee of the said Fenske Bros., and while the said Walter Fenske was

working in the course of his employment as an employee of the said Fenske Bros., engaged under the Workmen's Compensation Act of the State of Illinois and the said parties, and each of them, and all of them had prior to said date accepted the provisions of the Compensation Act of the State of Illinois according to its terms, and agreed to accept and pay compensation under said Act because the said Fenske Bros., Inc., was engaged in enterprise designated by the Workmen's Compensation Act as extra-hazardous and requiring them to pay compensation according to the terms thereof, so that each and all and every party above mentioned were on the date of said accident and on the date when the cause of action accrued whenever same did accrue, operating under and governed by the terms of the Workmen's Compensation Act of the State of Illinois.

''Wherefore the remedy of the said plaintiff, if any, is under the Workmen's Compensation Act of the State of Illinois, and of this the defendant, Walter Fenske, puts himself upon the country, etc.''

Plaintiff contends that the Workmen's Compensation Act of Illinois was not intended to affect the relationship existing between coemployees, or disturb the common law rights and liabilities existing between them prior to its passage; that the act in so far as liability for damages is concerned for injury to employees only effected a change in the rights and liabilities of employers and employees as between themselves, whether it be between an employee of one company and a different employer, so long as one was an employee and the other an employer, and the employer sued was bound to pay compensation under the act; that before a person can claim the benefit of the act in discharge of his liability to pay damages, he must be bound to pay compensation under the act; that employees have no liability to pay compensation under

the act, and, therefore, an employee is not a person bound by the act within the meaning of sec. 29 thereof, Cahill's St. ch. 48, ¶ 229; and that, therefore, this plaintiff has, unaltered and unaffected by any of the provisions of the Workmen's Compensation Act of this State, his common law right to sue his coemployee for the injury which he received and which he contends was both negligently and carelessly, and wantonly and wilfully inflicted upon him.

Defendant's theory is that, inasmuch as plaintiff and defendant were coemployees, both working for the same employer who was bound by the provisions of the act, and, inasmuch as plaintiff and defendant had both accepted the provisions of the act and agreed to accept compensation under same, irrespective of whether defendant was guilty of wilful and wanton misconduct or mere negligence resulting in injury to plaintiff, plaintiff's sole remedy was under the Compensation Act against his employer.

This appeal presents the single question as to whether plaintiff can maintain this common law action against a fellow servant of their common employer or whether he is relegated solely to his right to compensation from such employer.

It is unquestioned that prior to the enactment of the Workmen's Compensation Act an injured employee had the right at common law to sue his fellow employee for his negligent conduct causing the injury. Did the compensation act abrogate such right? We think this question has not been directly determined by the Supreme Court of this State.

In *Judson v. Fielding,* 237 N. Y. S. 348, in considering the same question, which was stated to be of first impression in that State, the court said at p. 354:

"The language of section 29, Workmen's Compensation Law (as amended by Laws 1924, c. 499), is somewhat obscure and confusing relative to the right of an injured employee entitled to compensation, or the de-

pendents of such an employee suffering death from accidental injuries caused by the negligence or wrong of another, to maintain an action against one in the same employment. The dependents or employees are required to elect before any suit or any award whether they will take compensation or pursue a remedy against one not in the same employ whose negligence or wrong caused the accident. It is the words, 'not in the same employ,' upon which this defendant relies in asserting that no action can be brought against a coemployee. . . . It is ancient law that the servant is liable in damages for his own tortious acts, even though at the time he was engaged in the work of his employer. *Murray v. Usher,* 117 N. Y. 542, 547, 23 N. E. 564. We find no intent or purpose in the statute to absolve any but the employer from liability in a civil action for damages caused by his own wrong. Rights long existing should not be taken away except by a statute where the purpose to do so is clear. The employer has not been sued, and the coemployee should be held liable unless the right to maintain an action against him is forbidden by positive statute. To hold that a fellow servant should under no circumstances be liable to another for damages resulting from a negligent or willful act occurring in the course of their common employment would be fraught with highly dangerous consequences and would remove in a large measure the restraint of personal responsibility of the employee for his acts. We think that the most rational interpretation of the statute is to hold that the Legislature did not intend to require an election of remedies in the case of coemployees.''

In passing upon this question in *Sylcox v. National Lead Co.,* 225 Mo. App. 543, 38 S. W. (2d) 497, the court used the following language at pp. 501, 502:

''In other words, the whole scope and purpose of the act is to fix and determine the rights and liabilities as between employer and employee; the liability of

one at common law is left unaffected by the act, except in so far as it has been expressly taken away by it; and where one has, and can have, no liability under the act, he is likewise in no position to claim any immunities under it. . . .

"Now there is no doubt that at common law one servant is liable to another for his own misfeasance, and there is nothing in the Compensation Act which destroys such liability or in any way disturbs the common law relationship existing between coemployees. Certainly the negligent employee is not liable for compensation, and therefore he is a stranger to the act, being a person other than the employee entitled to receive compensation or the employer liable to pay it. The right of the injured employee to sue the third person depends upon whether the latter is subject to the act. Since the coemployee whose misfeasance produces the injury is not subject to the act, he must be regarded as a 'third party,' and therefore amenable to an action at common law."

While their compensation acts differ in some respects from ours and some of them require the injured employee to elect whether he will take compensation or pursue his remedy against one other than his employer, whose negligence or wrong caused his injury, it has been held in England, New York, New Jersey, Pennsylvania, Michigan, Wisconsin, Missouri, Connecticut and some other States that the common law right of an injured employee to sue his coemployee for his negligence arising out of and in the course of their common employment, was not abrogated by the enactment of compensation acts in those jurisdictions. (See *Lees v. Dunkerly Bros.* (H. L.), 103 L. T. Rep. 467; *Judson v. Fielding, supra; Churchill v. Stephens,* 91 N. J. L. 195, 102 Atl. 657; *Zimmer v. Casey,* 296 Pa. St. 529, 146 Atl. 130; *Webster v. Stewart,* 210 Mich. 13, 177 N. W. 230; *McGonigle v. Cryphan,* 201 Wis.

269, 229 N. W. 81; *Sylcox v. National Lead Co., supra; Wells v. Lavitt,* 115 Conn. 117, 160 Atl. 617.)

The title of our Workmen's Compensation Act, as amended, is "An Act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State, and without this State where the contract of employment is made within this State. . . ." Its main object was to provide a prompt, sure and definite compensation with a quick, cheap and efficient remedy against their employers for injuries and death suffered by employees in the course of their employment. (*O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244.)

The only provisions affecting rights of action found in the Compensation Act are contained in sections 6 and 29, which are as follows:

"Sec. 6. No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury." Cahill's St. ch. 48, ¶ 206.

"Sec. 29. Where an injury or death for which compensation is payable by the employer under this Act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other per-

son shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this Act, was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or his personal representative: *Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for the recovery of damages to which but for this section the said employee or personal representative would be entitled, but such em-

ployer shall nevertheless pay over to the injured employee or personal representative, all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability.'' Cahill's St. ch. 48, ¶ 229.

In the *O'Brien* case, *supra,* it was claimed that an employee, who had a right to compensation from his employer under the act, had no common law right of action for negligence against the person causing the injury, whether his employer or a third person; and that the common law action for negligence was entirely abolished and the only remedies which exist are those which are found in the statute.

The language of sec. 6, considered by itself, is broad enough to abolish the common law right to recover damages against any person for an injury sustained by an employee in the line of his duty as such employee, but, interpreted in the light of the subject matter in connection with which it is used, such language must be held to apply only to the right of the employee against his employer, and can have no reference to the liability of third persons causing injury to employees. The common law right of action for negligence causing injury to an employee against any person other than his employer remains unaffected by that section if considered alone, but in its interpretation not only must the subject matter to which it applies be taken into consideration but also the other provisions of the act. (*O'Brien v. Chicago City Ry. Co., supra.*)

While the point involved in the *O'Brien* case was the right of an employee of one employer, both having accepted the terms of the act, to bring a common law action against another employer not bound by the act for its negligence in causing his injury, we think per-

tinent and applicable to the question involved here the following language used by the court in that case at pp. 252, 253, 258, 259:

"The Workmen's Compensation Act effects a complete change in the rights and liabilities of an employer and his employee in regard to accidental injuries to the employee. The common law action for negligence can no longer be maintained but the statutory remedy, alone, is available. The act makes no reference and has no application to the rights and liabilities of third parties except as those rights and liabilities affect the relative rights of the employer and employee as between themselves. Section 29 deals with cases of this character and only with cases of this character, cases in which the injury or death was caused under circumstances creating a legal liability for damages on the part of some person other than the employer. The language of the section assumes that the liability of a person other than the employer, which existed at common law, continues after the adoption of the act, for it is not where the injury or death was caused under circumstances which would have created a legal liability for damages on the part of some person other than the employer but for the passage of this act, but is 'where an injury or death . . . was caused under circumstances creating a legal liability.' Under such circumstances other provisions of the act have imposed on the employer a liability to pay the fixed compensation regardless of the fact that he is wholly guiltless of negligence or of any fault. The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employee, as between themselves, would require that out of the amount so received the employer, who was guiltless of any wrong, should receive indemnification

for the compensation which he had advanced. The purpose of section 29 is to require this indemnification of the employer who has not been negligent, out of the recovery against the third person whose negligence caused the injury. It recognizes the division which the act established between employers and employees who are subject to the provisions of the act and those who are not, and establishes a different measure of liability for the negligent third party causing the injury where such third party was subject to the provisions of the act and where he was not. Where the negligent party was subject to the provisions of the act section 29 provided that the measure of his liability should be the damages sustained, not, however, exceeding the compensation payable under the act, and the employer of the injured employee should be subrogated to his employee's right against the party causing the injury; but where the person causing the injury was not subject to the provisions of the act his liability as it existed before the act was not affected, but the injured employee's employer should be subrogated to his employee's right to the extent of the compensation paid or to be paid under the act. (*Keeran v. Peoria, Bloomington and Champaign Traction Co.,* 277 Ill. 413.) . . .

"Omitting section 29, there is no basis for a claim that the act substitutes the compensation provided by it for a personal action against a person other than the employer negligently causing the injury. The intention of the legislature is to be found in the words used in the act considered in the light of the evil sought to be remedied and the previous condition of the law. The evil sought to be remedied was the condition in the relation of employers and employees which made the accidents which frequently occur in the course of employment subject to long, expensive and uncertain litigation between employers and those of

their employees who suffered from such accidents. In considering this subject the legislature did not take into consideration the subject of injuries negligently caused by one person to another between whom the relation of employer and employee did not exist, except in the one case where the injured person was entitled to compensation, and in that case it expressly made the distinction that if the person causing the injury was subject to the provisions of the act the right of action of the injured employee was abolished, and if the person causing the injury was not subject to the provisions of the act the right of action should continue. There is no other provision of the act which indicates a contrary intention or is inconsistent with the express provision of section 29.''

After an analysis in that case of its former decisions bearing on the subject, the court further said at pp. 255, 256:

''From these cases it appears that we have held (1) that the common law right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished; (2) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is bound by the provisions of the Workmen's Compensation Act is abolished; (3) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is not bound by the provisions of the Workmen's Compensation Act is not affected by the act but is preserved in its full extent to the employee; (4) while the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnifica-

tion from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights; (5) that in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law but may prosecute the common law action and the statutory claim for compensation at the same time.''

Does the Workmen's Compensation Act of this State abolish an employee's common law right of action against anyone for negligently injuring him in the course of his employment if the person so injuring him is not within the contemplation of the statute bound by the act? What is the legal significance of the language ''bound by the act?'' If it merely means that defendant was ''under the act,'' in the sense that he had agreed to accept its provisions for the payment of compensation to him by his employer and for such other relief or remedy as the act might afford him, then plaintiff's common law action against him must fail. But similar provisions in varying language to the same effect in the compensation acts of nearly all the jurisdictions where this question has been adjudicated have been construed to mean ''subject to its terms,'' in the sense that one was liable to pay compensation to the injured employee. The defendant was clearly not so bound. Certainly the negligent employee is not liable for compensation; therefore he is a stranger to the act, as far as his liability to his fellow employee is concerned, being a person other than the employee entitled to receive compensation or the employer liable to pay it. The right of the injured employee to sue the third person depends upon whether the latter is subject to the act. Since the co-

employee whose misfeasance produced the injury is not subject to the act, he must be regarded as a "third party," and therefore amenable to an action at common law. (*Sylcox v. National Lead Co., supra.*)

Defendant insists that the use in section 29, in connection with the provision for an action over against the third party whose negligence caused the employee's injury, of the language *"where . . . an injury was not proximately caused by the negligence of the employer or his employees,"* precludes any intendment that a common law action would lie by an injured employee against his injuring fellow employee for negligence or wilful conduct. We find no merit in this contention. In our opinion, the foregoing italicized language was intended to be applicable only to actions brought against third persons under section 29, where it was necessary to show, in order to establish a right to recover, that the compensating employer and his employees were not guilty of contributory negligence. It appears to us that the purpose of this language was to negative the right to bring an action for damages to an injured employee, even against a negligent third party, by either the compensating employer or the injured employee who is guilty of contributory negligence or properly or legally chargeable with the negligence of others contributing to the injury. This language, we think, cannot possibly have any application to the situation presented here. It would be paradoxical to hold that an employee who was injured through the wilful, wanton or negligent conduct of a fellow employee could not sue his injuring fellow employee unless he could first show that his injury was *not* proximately caused by the negligence of such fellow employee.

Our attention has been called to *Cunningham v. Netzger,* 258 Ill. App. 150, decided by the Appellate Court for the Second District in 1930, and *Bentley v. Lippert,* 277 Ill. App. 615 (Abst.). Both of these cases

decided that under sections 6 and 29 of the Compensation Act, Cahill's St. ch. 48, ¶¶ 206, 229, an injured employee, whose injury arose out of and in the course of his employment, may not recover from a fellow employee, whose negligence caused the injury, where the common employer is "bound by the act," and both employees have accepted its terms. In neither of these cases was the question here raised presented for determination. In each case the only question the court was called upon to decide was whether the accident causing the injury arose out of and in the course of the employment of the injured employee and his injuring fellow employee, it being assumed that if it did no common law liability attached to the injuring coemployee.

After a careful study of the *O'Brien* case, including its analysis and interpretation, particularly of sections 6 and 29 of the Compensation Act, the principles of law applicable thereto, and earnest consideration of the respectable authorities cited from other jurisdictions, we are constrained to hold that plaintiff retains unaltered and unaffected by any provision of the Compensation Act his common law right to sue his coemployee for his injuries, which he claims were both negligently and wantonly inflicted upon him.

In passing upon this identical question in *Lees v. Dunkerly Bros., supra,* Lord Chancellor Loreburn said:

"I can hardly imagine a more dangerous or mischievous principle than that which it is sought to set up here. . . . But it is a very difficult proposition to say that a man is not to be responsible for his own negligence. That would mean a free hand to everybody to neglect his duty towards his fellow servant, and escape with impunity from all liability for damages for the consequences of his own carelessness or neglect of duty. Everyone must have an interest in maintaining the law in a sense hostile to such a propo-

sition, and I should think that, of all classes in the community, workmen who work together in many dangerous employments, have the greatest interest of all in preventing the doctrine which has been put forward very carefully and reasonably from being accepted.''

For the reasons indicated the judgment of the circuit court is reversed and the cause remanded with directions to vacate the order overruling plaintiff's demurrer to defendant's additional plea and to sustain such demurrer.

*Reversed and remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.