Katrina Thornton, Administratrix of the Estate of William Pendley Thornton, Deceased, Appellee, v. Hoover Herman, Appellant.

Gen. No. 41,515.

514

BURKE, P. J., dissenting.

Heard in the third division of this court for the first district at the October term, 1940. Opinion filed June 25, 1941. Rehearing denied October 17, 1941.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellant; I. E. FERGUSON and JACK I. LEVY, both of Chicago, of counsel.

J. HAYDEN MACDONALD and ANDREW J. FARRELL, both of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff Katrina Thornton, as administratrix of the estate of her deceased husband, William Pendley Thornton, brought this statutory action against the defendant to recover damages for the death of her husband by the alleged wrongful act of the defendant Hoover Herman.

A verdict for $10,000 was returned by the jury in favor of plaintiff and against defendant, plus costs, and judgment was entered thereon.

An agreed statement of facts was entered into between the parties and the cause comes before us in that form, which limits the appeal to the single question as to whether the plaintiff, after recovering compensation from her husband's employer under the

provisions of the Workmen's Compensation Act, had the right to prosecute an action for damages against the defendant.

Plaintiff's theory of the case is that she is not debarred by the Workmen's Compensation Act from prosecuting this action against the defendant.

Defendant's theory is that plaintiff is not entitled to maintain this action against him because:

(a) The death of plaintiff's husband was caused by an injury sustained while he was engaged in the line of his duty as an employee covered by the provisions of the Workmen's Compensation Act, so that plaintiff was entitled to recover and did in fact recover compensation from the decedent's employer under the provisions of the Workmen's Compensation Act;

(b) And because the defendant, at the time of the occurrence, was also a person bound by the Workmen's Compensation Act;

(c) Wherefore the defendant (if legally liable to respond in damages) was subject only to an action by the decedent's employer to recover damages in an amount not exceeding the aggregate amount of compensation payable by the decedent's employer under the Workmen's Compensation Act.

As heretofore stated, the parties hereto entered into an agreed statement of facts on July 19, 1940, which reads as follows:

"The plaintiff, Katrina Thornton, administratrix of the estate of William Pendley Thornton, deceased, by J. Hayden Macdonald and Andrew J. Farrell, her attorneys, and the defendant, Hoover Herman, by Sonnenschein, Berkson, Lautmann, Levinson & Morse, his attorneys, for the sole purpose of condensing the transcript of record in this case for the purposes of an appeal by the defendant from the judgment heretofore, to-wit, on June 21, 1940, entered herein in the sum of ten thousand dollars ($10,000.00) and costs in favor of the plaintiff and against the defendant and with the

understanding that this stipulation shall be binding on the parties hereto in any court which shall review, by appeal or otherwise, said judgment, but that in the event of a reversal of said judgment and a new trial of said cause this stipulation shall be of no force and effect and shall cease to be binding on all of the parties hereto, hereby stipulate and agree:

"1. William Pendley Thornton died October 23, 1938, and left him surviving Katrina Thornton, his widow, and four minor children as his sole heirs at law and next of kin. The plaintiff was duly appointed administratrix of the decedent's estate and brought this suit within one year after the death of said decedent to recover damages under the Injuries Act alleged to have been suffered by the said next of kin of the decedent.

"2. The death of William Pendley Thornton resulted from injuries sustained October 20, 1938, while he was employed as a painter by Cassity-Richards, Inc., a corporation, and while engaged in the performance of his duties of said employment and under such circumstances that the jury found that his death resulted from the negligent act of the defendant, Hoover Herman, while the said decedent was himself in the exercise of due care and caution for his own safety. Solely for the purposes of a review of the judgment heretofore obtained herein it is agreed that the evidence was sufficient to sustain the verdict of the jury and the judgment rendered thereon.

"3. At the time of the said occurrence, on October 20, 1938, causing the death of the said decedent, the defendant, Hoover Herman, was employed as a driver of a truck by R. R. Donnelley & Sons Company, a corporation, and was at said time and place engaged in the performance of his duties as such truck driver.

"4. At the time and place of the occurrence causing the death of the said decedent and at all times since said date Cassity-Richards, Inc., the employer of the

said decedent, was bound by the Workmen's Compensation Act of Illinois, both automatically (i. e., by virtue of the nature of its business) and by its own election in the manner provided in said Act (i. e., by insuring its liability to pay compensation under said Act with an insurance carrier licensed to do such insurance business in Illinois).

"5. At the time and place of the occurrence causing the death of the said decedent and at all times since said date R. R. Donnelley & Sons Company, the employer of the said Hoover Herman, was bound by the Workmen's Compensation Act of Illinois, both automatically (i. e., by virtue of the nature of its business) and by its own election in the manner provided in said Act (i. e., by insuring its liability to pay compensation under said Act with an insurance carrier licensed to do such insurance business in Illinois).

"6. On June 20, 1939, the Industrial Commission of the State of Illinois entered an award against Cassity-Richards, Inc., in favor of or for the benefit of the said widow and four minor children of the decedent (being the persons for whose benefit the plaintiff brought this suit and recovered the judgment herein) in the aggregate sum of $5,440.00, together with $185.90 for hospital, nursing and medical services rendered to or for the said decedent from October 20, 1938, the time of the occurrence causing his death, to October 23, 1938, the date of his death. The total amount that Cassity-Richards, Inc., has paid and is obligated by virtue of the award of the Industrial Commission of the State of Illinois to pay is $5,625.90.

"7. On July 13, 1939, pursuant to section 29 of the Workmen's Compensation Act of Illinois, Cassity-Richards, Inc., filed suit against R. R. Donnelley & Sons Company and Hoover Herman in the Circuit court of Cook county, case No. 39-C-7490, to recover from the defendants the sums awarded by the Industrial Commission, as aforesaid. Exhibit 'A' attached

to the amended motion filed by the defendant in this case to dismiss plaintiff's complaint is a true and correct copy of the complaint filed by Cassity-Richards, Inc., in the said circuit court case No. 39-C-7490. Hoover Herman, named as a defendant in said complaint, is the same Hoover Herman who is the defendant in this case. Said circuit court case No. 39-C-7490 has never come to trial and is still pending and undisposed of.

"8. All notices required by section 29 of the Workmen's Compensation Act of Illinois, particularly the fourth paragraph of said section, to be served by the personal representatives of the employee, said decedent, upon Cassity-Richards, Inc., a corporation, his employer, were duly served upon said employer and proof thereof filed in this cause, in accordance with the provisions of said section 29.

"9. On June 21, 1940, on the trial of the present case by the court and a jury, the jury returned a verdict in favor of the plaintiff and against the defendant and assessed the plaintiff's damages at the sum of $10,000, and a judgment in favor of the plaintiff and against the defendant for said amount, plus costs of suit, was entered on the verdict.

"10. At the close of the plaintiff's evidence the defendant presented to the court a written motion together with a written instruction for a directed verdict in favor of the defendant and the court denied said motion. At the close of all of the evidence the defendant again presented to the court a written motion together with a written instruction for a directed verdict in favor of the defendant and the court denied said motion.

"11. On June 24, 1940, the court entered an order denying the motion of the defendant to vacate the judgment and enter judgment in favor of the defendant notwithstanding the verdict.

"12. On June 25, 1940, the court entered an order denying the motion of the defendant for a new trial.

"13. By entering into this stipulation neither of the parties hereto admits the competency, materiality or relevancy of any fact or facts set forth herein.

"14. Subject only to the limitation contained in the introductory paragraph of this document, it is agreed that this stipulation or a copy thereof shall be inserted in the transcript of record of this case, on appeal from the judgment heretofore entered, in lieu of a report of proceedings at the trial and that the facts stated in this stipulation shall be treated as true and correct by the Appellate court of Illinois and the Supreme court of Illinois and either of them on the review by appeal or otherwise of the present judgment.

"Dated this 19th day of July, A. D. 1940.

J. Hayden Macdonald,
Andrew J. Farrell,
*Attorneys for plaintiff.*
Sonnenschein, Berkson, Lautmann,
Levinson & Morse,
*Attorneys for defendant.*"

Unfortunately, at the outset of this case, counsel disagree as to the meaning of the stipulation which they entered into in order to limit the questions to be considered by the court in deciding this case. Counsel for plaintiff appellee makes the following statement:

"The stipulation of facts . . . entered into between the parties in order to obviate the necessity of a report of proceedings states that the evidence with respect to the occurrence itself was sufficient to sustain the verdict of the jury and the judgment thereon. As stated in defendant's brief (p. 10):

" 'The defendant has elected to urge only the single contention that, under the provisions of the Workmen's Compensation Act, he is subject only to a suit

by Cassity-Richards, Inc., the decedent's employer, pursuant to Sec. 29 (Par. 1) of the Act.'

"On page 9, defendant says that it is agreed that at the time of the occurrence resulting in the death of plaintiff's husband both the decedent's employer (Cassity-Richards, Inc.) and defendant's employer (R. R. Donnelley & Sons Company) *'and all their employees were bound* by the Workmen's Compensation Act of Illinois.' No such agreement was made. In paragraph 4 of the stipulation of facts it was agreed that Cassity-Richards, Inc., the employer of the decedent, was bound by the Workmen's Compensation Act of Illinois. (Abst. 15). In paragraph 5 it was agreed that R. R. Donnelley & Sons Company, the employer of Hoover Herman, was bound by the Workmen's Compensation Act of Illinois (Abst. 18). *It was not stipulated at any place or at any time that the defendant, Hoover Herman, was 'bound' by the Workmen's Compensation Act of Illinois.*"

There being no evidence on this important point and as the stipulation does not cover it, we must proceed on the theory that Hoover Herman, the actual tort-feasor, was not bound by the Workmen's Compensation Act of Illinois. We may, however, decide the question as to whether or not the legislature intended by the terms of the Workmen's Compensation Act that an actual tort-feasor should be relieved from all liability by reason of the payment of an award under the Workmen's Compensation Act to the injured party. Many statutes have been enacted and decisions rendered on the subject of the Workmen's Compensation Act in the various States. We are inclined to the opinion that the legislature did not intend by sections 6 or 29, which are the pertinent sections of the Workmen's Compensation Act, to abolish the right of an injured party to recover against a tort-feasor who is a third party.

The Workmen's Compensation Act has been passed upon by our Supreme Court on many occasions, but we believe the language used in *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, is controlling in the instant case. The Supreme Court at page 251, said:

"Section 6 abolished the common law right to recover damages for an injury sustained by an employee in the line of his duty as such employee and the statutory right to recover damages for the death of an employee caused by negligence while engaged in the line of his duty as such employee. The language of the section is broad enough, if considered as an independent sentence separate from any context, to deprive a workman injured in the manner mentioned, or his legal representatives or dependents, or any person otherwise entitled, of any right to recover damages against any person, whether his own employer, a fellow-employee of his own employer whose negligence caused the injury, another employer in the same or a different kind of industry, an employee of another employer, or a total stranger to employment in any capacity who negligently or maliciously caused the injury. In any interpretation of the language, however, the subject matter in connection with which it is used must be taken into consideration, and that subject matter here is compensation for injuries suffered in the course of employment,—not injuries generally or negligence generally. Those two subjects do not come within the scope of the act except as they are incidentally affected by the relation of employment,— the respective rights and liabilities of the employer and employee because of that relation. If sections 11 and 29 had been omitted from the act there would be no justification for concluding that section 6 abolished the right of action for negligence causing injury or death. The provisions of the latter section apply only to the right of the employee against his employer and

have no reference to the liability of third persons causing injury to the employee. (*Goldsmith v. Payne,* 300 Ill. 119.)''

In a comparatively recent case being that of *Huntoon v. Pritchard,* 371 Ill. 36, the Supreme Court at page 43, said:

''The other question involved here is: Was the appellee released from his liability for malpractice upon appellant by reason of the payment of compensation to her by her employer under the Workmen's Compensation Act? Section 6 of that act (Ill. Rev. Stat. 1937, chap. 48, par. 143) provides: 'No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.'

''The provisions of this section apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee. *O'Brien v. Chicago Rys. Co.,* 305 Ill. 244; *Goldsmith v. Payne,* 300 id. 119.''

Pursuing this question further as to whether or not section 29 of the Workmen's Compensation Act, denies to the personal representative of an employee coming under the Workmen's Compensation Act, the right to sue an employee of another employer for injuries inflicted by that other employee resulting in death, is not taken away by the Workmen's Compensation Act, is further exemplified by the case of *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244. The Supreme Court in that case construed the legislative intent and clarified many questions which are raised in the instant case. We quote from page 258:

''The appellees also contend that the Workmen's Compensation act is a statutory substitute of a new system of redress for accidental injuries to an employee arising out of and in the course of his employment and is intended to supersede the old system of personal actions at law, and that it was never designed that an employee should have recourse both to the old system of redress by personal action against one who inflicted a tort upon him and the new system of compensation from his employer whether a tort had been committed or not. We have already considered this contention to some extent in the particular discussion of sections 6 and 29. Omitting section 29, there is no basis for a claim that the act substitutes the compensation provided by it for a personal action against a person other than the employer negligently causing the injury. The intention of the legislature is to be found in the words used in the act, considered in the light of the evil sought to be remedied and the previous condition of the law. The evil sought to be remedied was the condition in the relation of employers and employees which made the accidents which frequently occur in the course of employment subject to long, expensive and uncertain litigation between employers and those of their employees who suffered from such accidents. In considering this subject the legislature did not take into consideration the subject of injuries negligently caused by one person to another between whom the relation of employer and employee did not exist, except in the one case where the injured person was entitled to compensation, and in that case it expressly made the distinction that if the person causing the injury was subject to the provisions of the act the right of action of the injured employee was abolished, and if the person causing the injury was not subject to the provisions of the act the right of action should continue. There is no other pro-

vision of the act which indicates a contrary intention or is inconsistent with the express provision of section 29.''

The question presented in the instant case for our consideration was decided by this court in the case of *Botthof v. Fenske*, 280 Ill. App. 362. In that case the plaintiff brought an action against Fenske, a fellow employee, for injuries resulting from the negligent operation of an automobile. Both were employed by Fenske Bros. Inc., which company was operating under the Workmen's Compensation Act of the State of Illinois. The defendant's contention was that the plaintiff lost his common-law action against the defendant by reason of the provisions of section 6 and 29 of the Workmen's Compensation Act since, plaintiff claimed, both the plaintiff and the defendant were ''bound'' by the provisions of that act. Mr. Justice John J. Sullivan of this court in deciding the *Botthof* case, made the following pertinent observations: (page 375)

''Does the Workmen's Compensation Act of this State abolish an employee's common law right of action against anyone for negligently injuring him in the course of his employment if the person so injuring him is not within the contemplation of the statute bound by the act? What is the legal significance of the language 'bound by the act?' If it merely means that defendant was 'under the act' in the sense that he had agreed to accept its provisions for the payment of compensation to him by his employer and for such other relief or remedy as the act might afford him, then plaintiff's common law action against him must fail. But similar provisions in varying language to the same effect in the compensation acts of nearly all the jurisdictions where this question has been adjudicated have been construed to mean 'subject to its terms', in the sense that one was liable to pay compensation to the injured employee. The defendant was

clearly not so bound. Certainly the negligent employee is not liable for compensation; therefore he is a stranger to the act, as far as his liability to his fellow employee is concerned, being a person other than the employee entitled to receive compensation or the employer liable to pay it. The right of the injured employee to sue the third person depends upon whether the latter is subject to the act. Since the co-employee whose misfeasance produced the injury is not subject to the act, he must be regarded as a 'third party', and therefore amenable to an action at common law. (*Sylcox v. National Lead Co.*, 225 Mo. App. 543, 38 S. W. (2d) 497.''

In *Hoff v. Lindstrom*, 284 Ill. App. 651 (Abst.), this court had occasion to pass upon a somewhat similar set of facts as are involved in the instant case. In that case Hoff brought a suit against Lindstrom and the Yellow Cab Company. Hoff was a chauffeur employed by the Krem-Ko Company, which was subject to the Workmen's Compensation Act, and Lindstrom was employed by the Yellow Cab Company, which was also subject to the Workmen's Compensation Act. Judgment was entered in the trial court against both defendants. This court reversed the judgment as to the Yellow Cab Company and affirmed it as to its employee, Lindstrom. This court in the *Hoff* case, cited the case of *Botthof v. Fenske*, 280 Ill. App. 362, with full approval, and said:

"The question as to defendant Lindstrom's liability is entirely different. He was not immune from an action for personal injuries in the instant case. The Workmen's Compensation Act is not applicable. *Botthof v. Fenske*, 280 Ill. App. 362. In that case it was held by another Division of this court that the Workmen's Compensation Act did not abrogate the right of an employee to maintain an action for damages for negligence against a fellow employee of the same employer. Obviously Lindstrom, who was em-

ployed by the Yellow Cab Co. at the time in question, was not liable to pay plaintiff compensation under the Workmen's Compensation Act.

"The Botthof case goes very thoroughly into the question now before us and we are entirely satisfied with what the court there said."

In the case of *Botthof v. Fenske,* 280 Ill. App. 362, this court thoroughly investigated and analyzed the the law involved, and cited many authorities in this and other jurisdictions throughout the United States and England in which it has been held that the common-law right of an injured employee to sue his co-employee for negligence was not abrogated by the provisions of the Workmen's Compensation Acts of those various jurisdictions. Citing: *Lees v. Dunkerly Bros.* (H. L.) 103 L. T. Rep. 467; 227 App. Div. 430, *Judson v. Fielding,* 237 N. Y. S. 348; *Churchill v. Stephens,* 91 N. J. L. 195, 102 Atl. 657; *Zimmer v. Casey,* 296 Pa. St. 529, 146 Atl. 130; *Webster v. Stewart,* 210 Mich. 13, 177 N. W. 230; *McGonigle v. Gryphan,* 201 Wis. 269, 229 N. W. 81; *Sylcox v. National Lead Co.,* 225 Mo. App. 543, 38 S. W. (2d) 497; *Wells v. Lavitt,* 115 Conn. 117, 160 Atl. 617.

A perusal of the cases cited herein discloses that the right of an injured employee to sue a third person depends upon whether or not the latter is subject to the Workmen's Compensation Act. In the instant case since the co-employee whose misfeasance or negligence was responsible for the injury to plaintiff's intestate is not subject to the act, he must be considered as a "third party" and therefore is not relieved of his common-law responsibility.

Again referring to the stipulation, we have been unable to find in the stipulation or from the evidence that the defendant in this case was bound by the terms of the act as alleged by counsel. From the decisions which we have been able to find, this question

of fact is one of the controlling factors and, inasmuch as we must find that Herman was not subject to the act or bound by the act, it necessarily follows that the right of action which, under the common law vested a cause of action in the plaintiff by reason of his wrongful act, is not protected by any provision of the Workmen's Compensation Act and he cannot avail himself thereof. The right of the injured man's employer to recover the amount paid by him as an award under the compensation statutes, is not involved in this case.

From a review of the law applicable to the question here involved, we are forced to the conclusion that the defendant here is a *third party* and not included under the terms and conditions of the Workmen's Compensation Act of the State of Illinois, and is subject to the common-law right of the plaintiff to sue him for damages. The judgment of the superior court is, therefore, affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

MR. PRESIDING JUSTICE BURKE dissenting: In *Keeran v. Peoria, Bloomington & Champaign Traction Co.*, 277 Ill. 413 (page 419) the Supreme Court, in speaking of the Workmen's Compensation Act, said:

"The act divides employers and employees who have accepted the provisions of the act from employers and employees who have not accepted the provisions of the act, and it establishes a different rule in regard to the respective rights and liabilities of all employers and employees under the act from that which applies to employers and employees not under the act." The parties agree that both employers were bound by the Workmen's Compensation Act. They were bound automatically. They were also bound by

their own election. It follows that all employees of the respective parties, while engaged in the performance of the duties of their employment, were also bound by the act. The language of the first paragraph of section 29 of the act (par. 166, ch. 48, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 143.44]) is unambiguous. I agree with the defendant that to say that the words "other persons bound by this act" as used in section 29 should be read "other employers bound by this act," is, in effect, to rewrite the statute upon the assumption that the legislature inadvertently used the word "person" instead of the word "employer." The court is asked to ignore the literal text of the statute on the ground that otherwise the defendant, although found guilty of negligence, would escape responsibility for his own tort. This argument ignores the fact that section 29 does not nullify the liability of another employer or employee to respond in damages for negligence or wilful misconduct, but (1) transfers the right of action from the injured employee or his personal representative to the employer of the injured employee, and (2) fixes the limit of damages at an amount not exceeding the aggregate compensation payable under the act, in this case, $5,625.90. It is clear that Hoover Herman, the defendant, was bound by the act. Should he be injured, his compensation would be limited by the provisions of the act. So also, the extent of his liability is controlled and limited by the act. In my opinion, the judgment should be reversed and a judgment for costs entered against plaintiff.