**TIMOTHY DEFOE, Appellant/Plaintiff**
**v.**
**LENROY PHILLIP, Appellee/Defendant**

S. Ct. Civil No. 2009-0007
Supreme Court of the Virgin Islands
January 5, 2012

JOEL H. HOLT, ESQ., St. Croix, USVI, *Attorney for Appellant.*

DOUGLAS L. CAPDEVILLE, ESQ., Law Offices of Douglas L. Capdeville, P.C., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 5, 2012)

◾ PER CURIAM. Appellant Timothy Defoe appeals from the Superior Court's February 12, 2009 Opinion and Order granting summary judgment to Appellee Lenroy Phillip on the grounds that his lawsuit is barred under the Virgin Islands Workers' Compensation Act ("VIWCA"). Because the plain language of the VIWCA does not support extending an employer's immunity from suit to a co-employee, we reverse the Superior Court's grant of summary judgment and remand this matter to the Superior Court for further proceedings.

115

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying action arose when Phillip, a terminal dispatcher employed at HOVENSA, LLC ("HOVENSA")'s St. Croix oil refinery, struck Defoe, who was employed by the HOVENSA refinery as a lab analyst, with a vehicle as Defoe crossed a private road on HOVENSA's premises shortly after midnight on October 27, 2006, which caused Defoe to land on the hood of the vehicle and then fall to the ground. Shortly after the accident, Defoe was transported to the hospital for treatment for his injuries. Immediately prior to the incident, Phillip dropped off a co-worker at HOVENSA's Administration Building and was driving back to his work area at the Terminal Department, while Defoe had just finished his shift and was walking from his lab to the front gate along the private road. HOVENSA cited Phillip for negligent driving, suspended him from October 27, 2006 to November 14, 2006, and ordered him to undergo a medical evaluation to determine his fitness to operate a motor vehicle within HOVENSA's premises.

On October 30, 2006, Defoe filed a claim for workers' compensation benefits with the Virgin Islands Department of Labor ("DOL"), which was granted after the DOL determined that HOVENSA was covered under the Virgin Islands Workers' Compensation Government Insurance Fund and that his injuries were compensable under the VIWCA. However, on May 15, 2007, Defoe also initiated a civil action against Phillip in the Superior Court, which alleged that Phillip caused his injuries by driving his vehicle in a grossly negligent manner. Phillip filed his answer on October 11, 2007 and a motion for summary judgment on July 28, 2008, both of which asserted that Defoe's claim was barred by the exclusive remedy provision of the VIWCA. *See* V.I. CODE ANN. tit. 24, § 284(a) ("When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer.").

The Superior Court, in a January 13, 2009 Opinion and Order, granted Phillip's motion for summary judgment on the basis that Phillip was an "employer" for purposes of section 284(a), and that the VIWCA thus barred Defoe's claims against Phillip because Defoe failed to identify a breach by Phillip of a duty separate from HOVENSA's non-delegable duty to provide a safe workplace. On January 16, 2009, the Superior Court entered an order formally dismissing Defoe's complaint. Finally, on February 12, 2009, the Superior Court entered an amended Opinion and

Order, which was identical to the January 13, 2009 Opinion and Order but corrected a technical error in the title of the document. Defoe timely filed his notice of appeal on January 15, 2009 and submitted amended notices of appeal on January 23, 2009 and March 13, 2009.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). Because the Superior Court's February 12, 2009 Opinion and Order constitutes a final judgment, this Court possesses jurisdiction over Defoe's appeal.

"This Court exercises plenary review of a Superior Court's grant of summary judgment." *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008) (citing *Maduro v. American Airlines, Inc.*, S. Ct. Civ. No. 2007-0029, 2008 V.I. Supreme LEXIS 24, at *6 (V.I. Feb. 28, 2008)). "On review, we apply the same test that the lower court should have utilized." *Id.* "Because summary judgment is a drastic remedy, it should be granted only when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.' " *Id.* (quoting former FED. R. CIV. P. 56(c)). "When reviewing the record, this Court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party, and we must take the non-moving party's conflicting allegations as true if 'supported by proper proofs.' " *Id.* (quoting *Seales v. Devine*, S. Ct. Civ. No. 2007-040, 2008 V.I. Supreme LEXIS 23, at *4 (V.I. Mar. 3, 2008)). "[T]o survive summary judgment, the nonmoving party's evidence must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Id.* at 195 (internal quotation marks omitted).

### B. The VIWCA Does Not Preempt Defoe's Claim Against Phillip

The Superior Court granted Phillip's motion for summary judgment on the basis that the VIWCA, codified as 24 V.I.C. §§ 250 through 292, preempted Defoe's lawsuit against Phillip. Specifically, the Superior Court held that Phillip is an "employer" for purposes of section 284(a),

117

and observed that although section 263 of title 24[1] authorizes an action against a "third person," a litigant may sue a co-employee under this provision "only to the extent he owed a personal legal duty of care to the injured employee separate from that of the common employer," and that Phillip did not owe Defoe an independent legal duty because the incident occurred on a private road instead of a public highway. On appeal, Defoe primarily contends that the Superior Court erred in its preemption analysis and that the VIWCA does not immunize Phillip from liability, while Phillip argues that the Superior Court's analysis properly applied the United States Court of Appeals for the Third Circuit's decision in *Tavarez v. Klingensmith*, 372 F.3d 188 (3d Cir. 2004), which held that a co-employee performing a non-delegable duty on behalf of an employer covered by the VIWCA is entitled to the same statutory immunity as the employer.

We agree that the Superior Court properly applied the *Tavarez* precedent. Nevertheless, we hold, for the reasons that follow, that the Legislature did not intend to prohibit lawsuits against co-employees when it enacted the VIWCA, and thus Phillip is not entitled to claim the same immunity from suit that the VIWCA affords to HOVENSA.

## 1. *This Court Is Not Bound by Third Circuit Interpretation of Local Virgin Islands Law*

In his appellate briefs, Defoe recognizes that the Superior Court based its analysis on the Third Circuit's decision in *Tavarez*, in which that court "conclude[d] that the immunity afforded to an employer under [section 284(a)] also shields a supervisor from personal liability for harm caused by his negligent failure to provide a safe workplace for the employer's workers," 372 F.3d at 193, as well as various Appellate Division and Superior Court holdings interpreting sections 263 and 284(a). However, Defoe argues that "there is no binding precedent in this Court" with respect to this issue, for "[a]s the Supreme Court is now the court

---

[1] "In cases where the injury, the occupational disease or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been cause (sic) under circumstances making third persons responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death within two years following the date of the injury. . . ." 24 V.I.C. § 263.

entrusted to interpret the law of the Virgin Islands, none of these holdings are binding on this Court." (Appellant's Br. 3; Reply Br. 3.) Accordingly, Defoe requests that this Court adopt the reasoning of *Anthony v. Lettsome*, 22 V.I. 328 (D.V.I. 1986), in which the District Court allowed a lawsuit against a co-employee to proceed after holding that a co-employee is not an "employer" under section 284(a) but is a "third person" under section 263.

We agree that this Court is not required to follow *Tavarez* or other decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that "decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us," *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 403 n.7 (V.I. 2008), we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands local law as binding precedent:

> Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation "did not erase pre-existing case law," and thus "precedent that was ext[a]nt when [the Court] became operational continues unless and until [the Court] address[es] the issues discussed there." *People v. Quenga*, 1997 Guam 6 ¶ 13 n. 4. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.

*In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009), *cert. denied*, No. 09-3492, slip op. at 1 (3d Cir. Nov. 5, 2009).

Importantly, the Third Circuit itself has agreed to "defer to decisions of the Supreme Court of the Virgin Islands on matters of local law unless [it] find[s] them to be manifestly erroneous."[2] *Pichardo v. V.I. Comm'r of Labor*, 53 V.I. 936, 939, 613 F.3d 87, 89 (3d Cir. 2010).

---

[2] Pursuant to section 23A of the Revised Organic Act, "for the first fifteen years following the establishment of the [Supreme Court of the Virgin Islands], the United States Court of Appeals for the Third Circuit shall have jurisdiction to review by writ of certiorari all final decisions of the highest court of the Virgin Islands from which a decision could be had." 48 U.S.C. § 1613.

Significantly, the Third Circuit has recently clarified that, pursuant to the standard articulated in *Pichardo*, this Court is not required to follow the Third Circuit's interpretation of a local Virgin Islands statute when the Third Circuit's decision was rendered prior to this Court having the opportunity to interpret the statute in the first instance:

> In the absence of controlling Virgin Islands precedent, we believe that our analogy to *Paolello* and other § 922(g) cases is necessary to decide the case before us. We are mindful, of course, that the authority to interpret § 2253(a) lies centrally with the newly created Supreme Court of the Virgin Islands. *See Pichardo v. V.I. Comm'r of Labor*, [53 V.I. 936, 939,] 613 F.3d 87, 89 (3d Cir. 2010) (holding that this Court will "defer to decisions of the Supreme Court of the Virgin Islands on matters of local law unless we find them to be manifestly erroneous"). We do not mean by our decision today to preclude the Supreme Court of the Virgin Islands from offering its own interpretation of § 2253(a), and whether and under what circumstances a justification defense is available. Until that day comes, however, we decide this case applying our most analogous precedent.

*Gov't of the V.I. v. Lewis*, 620 F.3d 359, 364 n.5, 54 V.I. 882 (3d Cir. 2010). Consequently, consistent with our prior precedents and the Third Circuit's decisions in *Pichardo* and *Lewis*, we are not required to follow the Third Circuit's construction of section 284(a) — although its interpretation is "entitled to great respect" — but may conduct our own independent analysis and adopt a different interpretation of the local statute. *People v. Todmann*, 53 V.I. 431, 438 n.6 (V.I. 2010) (quoting *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971), *cert. denied*, No. 10-2738, slip op. at 1 (3d Cir. Aug. 18, 2010)).

### 2. Under the VIWCA, Phillip is Not an "Employer" But a "Third Person"

■ The VIWCA provides that

> [i]n cases where the injury, the occupational disease or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been cause (sic) under circumstances making *third persons* responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the *third person* responsible for said injury, disease, or death within two years following the date of the injury.

120

24 V.I.C. § 263 (emphases added). However, the VIWCA also states that "[w]hen an employer is insured under this chapter, the right herein established to obtain compensation shall be the *only* remedy against the *employer*; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist." 24 V.I.C. § 284(a) (emphasis added). Thus, the VIWCA immunizes "employers" from lawsuits filed by employees who are entitled to workers' compensation benefits, but allows such actions to proceed against "third persons." For the reasons which follow, we hold that the Legislature intended courts to deem employees such as Phillip "third persons" rather than "employers."

### a. The Common Meaning of the Term "Employer" Excludes Phillip

■■ It is well established that "a statute should not be considered in derogation of the common law unless it expressly so states or the result is imperatively required from the nature of the enactment." *Bauers v. Heisel*, 361 F.2d 581, 587 (3d Cir. 1966). Moreover, the Virgin Islands Legislature has instructed that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language," but that "[t]echnical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning." 1 V.I.C. § 42. The VIWCA, unlike other chapters in title 24,[3] does not define the terms "employer" and "third

---

[3] Some — but not all — of the other chapters in title 24 define the term "employer." Each definition, however, is different, and clearly tailored to that specific chapter. *See* 24 V.I.C. § 2 (defining "employer," solely for purposes of chapter 1, as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."); 24 V.I.C. § 32 (defining "employer," solely for purposes of chapter 2, as "the government of the Virgin Islands, its department, agencies, instrumentalities, or political subdivisions."); 24 V.I.C. § 62 (defining "employer," solely for purposes of chapter 3, as "any person acting in the interest of an employer directly or indirectly that has employed five (5) or more employees for each working day in each of the twenty (20) or more calendar weeks in the two (2) year period preceding a discharge, but not a 'public employer' as defined in chapter 14 of this title."); 24 V.I.C. § 302 (defining "employer," solely for purposes of chapter 12, as "(1) any employing unit which for some portion of a day within the preceding or current calendar year has or had in employment one or more individuals; (2) for the effective period of its election pursuant to section 307 of this title, any employing unit which has elected to become subject to this chapter; and (3) any person who during any calendar quarter in the calendar year or the

person."[4] Accordingly, for purposes of the VIWCA, "employer" and "third person" are not terms of art, and thus this Court must construe these terms based on their common meaning pursuant to section 42 of title 1 and, pursuant to the traditional rules of statutory construction, not infer a different meaning that would serve to eliminate a right under the common law. *See Brandon v. Bonell*, 368 Ill. App. 3d 492, 858 N.E.2d 465, 486, 306 Ill. Dec. 668 (Ill. Ct. App. 2006) (applying *Black's Law Dictionary* definition of "employer" when statute does not define "employer,"

---

preceding calendar year paid cash wages of $500 or more for domestic service in a private home, local college club, or local chapter of a college fraternity or sorority; provided, however, that a person treated as an employer under paragraph (3) of this subsection shall not be treated as an employer with respect to wages paid for any service other than domestic service referred to in paragraph (3) of this subsection unless such person is treated as an employer under paragraph (1) or (2) of this subsection with respect to such other service."); 24 V.I.C. § 362 (defining "employer," solely for purposes of chapter 14, as "the executive branch of the Government of the United States Virgin Islands and any agency or instrumentality thereof including, but not limited to, the Virgin Islands Port Authority, the Virgin Islands Water and Power Authority, the Virgin Islands Housing Authority, the University of the Virgin Islands, the Government Development Bank and the Virgin Islands Public Television System."); 24 V.I.C. § 421 (defining "employer," solely for purposes of chapter 16, as "any individual, person, partnership, association, corporation, and the Government of the United States Virgin Islands or any of its agencies, authorities, boards or commissions."); 24 V.I.C. § 462 (stating that, for purposes of chapter 17, "the term 'employer' includes individuals, corporations, other legal entities, and all departments, offices, boards, institutions, branches, independent instrumentalities, and other agencies of the Government of the United States Virgin Islands."); 24 V.I.C. § 471 (defining "employer," for purposes of chapter 18, as "an individual, corporation, or other private business entity, whether for profit or not for profit, which owns or operates a facility.").

[4] We note that, prior to a 1994 amendment, 24 V.I.C. § 251 — then entitled "Definition and application" — defined the term "employer" under the VIWCA as "the Government of the United States Virgin Islands, all public and quasi-public corporations, any person or body of persons whether incorporated or not, any partnership or association, contractors and subcontractors." *Boudreaux v. Sandstone Group*, 36 V.I. 86, 97 (V.I. Super. Ct. 1997). However, the Legislature "provided for an entirely different § 251 that was unrelated to defining terms used in the Act," and thus "the previous list of definitions of terms used in the workers' compensation chapter . . . no longer appears in the Virgin Islands Code." *Eddy v. V.I. Water and Power Authority*, 369 F.3d 227, 233 n.7 (3d Cir. 2004). Consequently, this Court cannot rely on this repealed definition to ascertain the present meaning of the term "employer." *See Nickeo v. Atlantic Tele-Network Co.*, 45 V.I. 149, 156 (V.I. Super. Ct. 2003) ("Conspicuously absent from the workers' compensation statute is a definition of "employer" or "third parties.""). Furthermore, although the Third Circuit explained that "[t]he Virgin Islands legislature may wish to amend Title 24 to ensure that the Code contains definitions for the workers' compensation chapter," *Eddy*, 369 F.3d at 233 n.7, the Legislature has not acted on this request.

numerous other statutes define "employer" in different ways, and "none of th[o]se definitions reflect a comprehensive definition of the term 'employer,' unaffected by the content of the specific statute."); *Pope v. Judicial Dept.*, 79 Ore. App. 732, 721 P.2d 462, 464 (Or. Ct. App. 1986) (holding that, when statute does not expressly define "employer," "[i]n the absence of any other indication of legislative intent, we give the term 'employer' its common meaning."); *Herbert v. Layman*, 125 Vt. 481, 218 A.2d 706, 710 (Vt. 1966) (declining to expand definition of "employer" to include co-employees because doing so would be equivalent to changing language of the statute and would eliminate a common law right), *overruled on other grounds by Whitney v. Fisher*, 138 Vt. 468, 417 A.2d 934 (Vt. 1980).[5]

██ ██ This interpretation is consistent with holdings of courts in a majority of other jurisdictions with workers' compensation statutes that fail to define the terms "employer" or "third person," which, while not binding on this Court, constitute strongly persuasive authority. *See Banks v. Int'l Rental and Leasing Corp.*, 55 V.I. 967, 981-982 (V.I. 2011). The majority of these states declined to expand the term "employer" to include an injured worker's co-employees, but have instead applied its common meaning.[6] *See Hockett v. Chapman*, 69 N.M. 324, 366 P.2d 850, 852-53 (N.M. 1961) (recognizing that all but four states with workers'

---

[5] In addition, the vast majority of United States jurisdictions that have enacted workers' compensation statutes which immunize "employers" but allow recovery against "third parties" have held that a fellow employee qualified as a "third party" rather than an "employer" based on this principle. *See Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation*, 21 ALR 3d 845, §3[a]-[b] (2010 Supp.) (identifying 26 states that have held "that a fellow employee may be sued under workmen's compensation statutes permitting suits against third persons generally," and noting that only seven states have held the opposite). Significantly, while only a minority of states continue to hold that a fellow employee may be held directly liable as a "third person," this has occurred not because of a change in the common law or the rules of statutory construction, but because twenty-two states have enacted new workers' compensation statutes that expressly provide for co-employee immunity. *Id.* at §§ 5-7; 6A ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 111.03[1] (rev. ed. 2008).

[6] *Compare Highway Constr. Co. v. Moses*, 483 F.2d 812, 815 (8th Cir. 1973) ("The employer's immunity from suit by his employees, however, does not extend to immunize a personally negligent employee from suit by coworkers whom he has injured.") (applying South Dakota's workers' compensation statute); *Ransom v. Haner*, 362 P.2d 282, 287 (Alaska 1961) (holding tortfeasor employee not entitled to employer's workers' compensation immunity when statute authorized injured employee to file suit against "third parties" other than employer); *Marquez v. Rapid Harvest Co.*, 1 Ariz. App. 562, 405 P.2d 814, 818-19 (Ariz. Ct.

123

compensation statutes authorizing suits against "a person other than his employer," "a third party," or "a third party tortfeasor" have consistently held that a co-employee is a "third party" rather than the "employer") (collecting cases); *Herbert*, 218 A.2d at 709 (noting that a majority of courts have held that co-employees are "person[s] other than the employer," rather than "employer[s]," under workers' compensation statutes) (citing 58 AM. JUR. 616). Moreover, we agree with the Supreme Court of Alaska that traditional rules of statutory construction require this interpretation, for "[t]o declare otherwise would require us to assume the prerogative of the legislature." *Ransom v. Haner*, 362 P.2d 282, 287 (Alaska 1961). *See also Herbert*, 218 A.2d at 710 (holding that co-employee not entitled to employer's workers' compensation immunity, even though such construction may "produce undesirable results," because "[i]f a statute seems unfair or unjust the remedy must be sought in a legislative change or modification" rather than "furnished by judicial action in the guise of interpretation."). Thus, given the potential consequences of abrogating the common law to extend the VIWCA's employer immunity provision to co-employees, we hold that it is more

App. 1965) (same); *King v. Cardin*, 229 Ark. 929, 319 S.W.2d 214, 218 (Ark. 1959) (same); *Baugh v. Rogers*, 24 Cal. 2d 200, 148 P.2d 633, 640-41 (Cal. 1944) (same); *Wells v. Lavitt*, 115 Conn. 117, 160 A. 617, 618-19 (Conn. 1932) (same); *Frantz v. McBee Co.*, 77 So.2d 796, 799-800 (Fla. 1955) (same); *Gay v. Greene*, 91 Ga. App. 78, 84 S.E.2d 847, 849-50 (Ga. Ct. App. 1954) (same); *Botthof v. Fenske*, 280 Ill. App. 362 (Ill. App. Ct. 1935) (same); *Price v. King*, 259 Iowa 921, 146 N.W.2d 328, 331 (Iowa 1966) (same); *Roda v. Williams*, 195 Kan. 507, 407 P.2d 471, 475-77 (Kan. 1965) (same); *Kimbro v. Holladay*, 154 So. 369, 370-71 (La. Ct. App. 1934) (same); *Webster v. Stewart*, 210 Mich. 13, 177 N.W. 230, 231-32 (Mich. 1920) (same); *Behr v. Soth*, 170 Minn. 278, 212 N.W. 461, 463 (Minn. 1927) (same); *Gardner v. Stout*, 342 Mo. 1206, 119 S.W.2d 790, 792 (Mo. 1938) (same); *Rehn v. Bingaman*, 151 Neb. 196, 36 N.W.2d 856, 859-60 (Neb. 1949) (same); *Churchill v. Stephens*, 91 N.J.L. 195, 102 A. 657, 657-58 (N.J. 1917) (same); Merchants Mut. Cas. Co. v. Tuttle, 98 N.H. 349, 101 A.2d 262, 264 (N.H. 1953) (same); *Judson v. Fielding*, 227 A.D. 430, 237 N.Y.S. 348, 354-55 (N.Y. App. Div. 1929) (same); *Hockett v. Chapman*, 69 N.M. 324, 366 P.2d 850, 852-54 (N.M. 1961) (same); *Ellis v. Garwood*, 168 Ohio St. 241, 152 N.E.2d 100, 103-04 (Ohio 1958) (same); *Zimmer v. Casey*, 296 Pa. 529, 146 A. 130, 133-34 (Pa. 1929) (same); *Herbert*, 218 A.2d at 710 (same); *Perry v. Beverage*, 121 Wash. 652, 209 P. 1102, 1106-07 (Wash. 1922); *Severin v. Luchinske*, 271 Wis. 378, 73 N.W.2d 477, 479 (Wis. 1956) (same); *Tawney v. Kirkhart*, 130 W. Va. 550, 44 S.E.2d 634, 641-42 (W.Va. 1947) (same); *Markle v. Williamson*, 518 P.2d 621, 623-25 (Wyo. 1974) (same), *superseded by statute as recognized in Cottonwood Steel Corp. v. Hansen*, 655 P.2d 1226, 1230-31 (Wyo. 1982); *with Bresnahan v. Barre*, 286 Mass. 593, 190 N.E. 815, 817 (Mass. 1934) (holding that a co-employee possesses the same immunity from suit as an employer under state workmen's compensation act).

124

appropriate for the Legislature, rather than the courts, to make this policy decision.[7]

We recognize that many jurisdictions that previously excluded co-employees from the definition of "employer" now no longer do so. These changes, however, were not due to changes in how the judiciary interprets the common meaning of the term "employer," but initiated by legislative enactments that — often for the first time — provided a statutory definition of the term "employer" for purposes of that jurisdiction's workers' compensation statutes that was broader than the word's common meaning.[8] *See* A.S. KLEIN, ANNOTATION, RIGHT TO MAINTAIN DIRECT ACTION AGAINST FELLOW EMPLOYEE FOR INJURY OR DEATH COVERED BY WORKMEN'S COMPENSATION, 21 ALR 3D 845, §§ 5-7 (2010) (noting that twenty-one states have enacted new workers' compensation statutes that re-define "employer" or otherwise expressly codify co-employee immunity). Consequently, these subsequent decisions — which interpret

_____

[7] Moreover, assuming that the Legislature's intent is contrary to the plain text of the VIWCA is particularly inappropriate given that the Legislature, in enacting the VIWCA, unambiguously intended to reduce the harm to society and individual workers caused by workplace injuries, whereas there is legitimate disagreement as to whether granting co-employees immunity would have the effect of increasing or decreasing the number of such injuries. *See Tawney*, 44 S.E.2d at 641-42 ("There is no contract as between coemployees and they are subject to the provisions of the compensation act in their relationship with each other in no way. They pay nothing into the fund that entitles them to protection under its terms. We can perceive nothing in sound reasoning that would entitle a coemployee to gratuitous protection for his own misconduct. To hold that a coemployee is not liable for his own negligence would increase the hazard of employments and be contrary to public policy."); *Judson*, 237 N.Y.S. at 354 ("We find no intent or purpose in the statute to absolve any but the employer from liability .... The employer has not been sued, and the coemployee should be held liable unless the right to maintain an action against him is forbidden by positive statute. To hold that a fellow servant should under no circumstances be liable to another for damages resulting from a negligent or willful act occurring in the course of their common employment would be fraught with highly dangerous consequences and would remove in a large measure the restraint of personal responsibility of the employee for his acts.").

[8] *See, e.g., Galvis v. Petito*, 13 Cal. App. 4th 551, 16 Cal. Rptr.2d 560, 561-62 (Cal. Ct. App. 1993) (noting that legislature amended workers' compensation statute to supersede state court decision holding that co-employees were not "employers" under the common meaning of the term); *Florida Dept. of Transp. v. Juliano*, 864 So. 2d 11, 14-15 (Fla. Ct. App. 2003) (same); *Thompson v. Bohlken*, 312 N.W.2d 501, 504 (Iowa 1981) (same); *Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. 162, 498 A.2d 741, 744-45 (N.H. 1985) (same); *Hawksby v. DePietro*, 319 N.J. Super. 89, 724 A.2d 881, 882-83 (N.J. Super. Ct. App. Div. 1999) (same); *Bennett v. Buckner*, 150 W. Va. 648, 149 S.E.2d 201, 204-05 (W.Va. 1966) (same); *Cottonwood Steel Corp. v. Hansen*, 655 P.2d 1226, 1230-31 (Wyo. 1982) (same).

the term "employer" as defined by that jurisdiction's legislature — cannot be used to ascertain the common meaning of "employer" under the common law. *See Jack Bradley, Inc. v. Dep't of Employment Sec.*, 146 Ill. 2d 61, 585 N.E.2d 123, 129-30, 165 Ill. Dec. 727 (Ill. 1991) (stating that dictionary definition of "employment" cannot substitute for broader statutory definition of term); *State v. Bey*, 261 N.J. Super. 182, 618 A.2d 373, 376 (N.J. Super. Ct. App. Div. 1992) (explaining that cases interpreting a word's common meaning, or the word's statutory definition under another statute, cannot substitute for an express definition of the word in the statute being reviewed).

 Significantly, contemporary courts faced with the task of ascertaining the common meaning of the term "employer" have continued to reach the same result as courts interpreting early workers' compensation statutes in which "employer" was not specifically defined. For instance, the Supreme Court of Connecticut has recently explained that "[t]he dictionary defines the word 'employer' to mean '[o]ne who employs, esp. for wages or salary . . . .' " and thus "[i]t would defy common sense to conclude that the legislature intended . . . to change the common meaning of the word 'employer' to include 'persons' who do not employ anyone." *Perodeau v. City of Hartford*, 259 Conn. 729, 792 A.2d 752, 757 (Conn. 2002) (quoting WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d Ed.)). Likewise, the Oregon Court of Appeals recently held that common meaning of "employer" is "one who hires another for wages." *Pope*, 721 P.2d at 464. These definitions are consistent with BLACK'S LAW DICTIONARY, which defines "employer" as "[a] person who controls and directs a worker under an express or implied contract of hire *and* who pays the worker's salary or wages." BLACK'S LAW DICTIONARY 604 (9th ed. 2009) (emphasis added). *See also San Manuel Indian Bingo and Casino v. N.L.R.B.*, 475 F.3d 1306, 1316, 374 U.S. App. D.C. 435 (D.C. Cir. 2007) (quoting BLACK'S LAW DICTIONARY for the "generic definition of the term employer."); *Stringer v. Musacchia*, 11 N.Y.3d 212, 898 N.E.2d 545, 547-48, 869 N.Y.S.2d 362 (N.Y. 2008) (stating that "an 'employer' is the person who 'pays the worker's salary or wages.' ") (quoting BLACK'S LAW DICTIONARY); *Brandon*, 858 N.E.2d at 486-87 (concluding, after holding that BLACK'S LAW DICTIONARY definition of "employer" applies, that supervisors are not "employers" for purposes of Illinois Health and Safety Act when supervisors do not have contracts with workers and do not individually pay workers' wages).

126

### b. The Legislature's 1986 Amendment Supports a Restrictive Definition of "Employer"

■ As discussed in the prior sub-section, the fact that the VIWCA does not expressly define the term "employer" requires this Court to apply its common meaning. 1 V.I.C. § 42. However, we further recognize that the Legislature manifested its intent to apply the common meaning of "employer" through its 1984 and 1986 amendments to the VIWCA, which, respectively, added the following new provisions:

> It shall not be a defense to any action brought by or on behalf of an employee, that the employee at the time of his injury or death, was the borrowed, loaned, or rented employee of another employer. Any oral or written agreement between an employer and employee which makes the employee the borrowed, loaned or rented employee of another employer shall be null and void as being against the public policy of this Territory.

24 V.I.C. § 263a.

> For the purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The "statutory employer and borrowed servant" doctrine are not recognized in this jurisdiction, and an injured employee may sue *any person* responsible for his injuries *other than the employer named in a certificate of insurance* issued under section 272 of this title.

24 V.I.C. § 284(b) (emphases added).

■ Virgin Islands local courts have interpreted these provisions — particularly section 284(b) — as clear and unambiguous pronouncements of the Legislature's intent with respect to the scope of the VIWCA's employer immunity. *See, e.g., Figueroa v. Hess Oil V.I. Corp.*, 198 F. Supp. 2d 632, 643 (D.V.I. App. Div. 2002) ("To the contrary, the limitation to those 'named in the certificate' is a clear statement that there is no such limitation with respect to those not listed . . . ."); *Marcano v. Hess Oil V.I. Corp.*, 237 F. Supp. 2d 592, 599 (D.V.I. App. Div. 2002) (re-affirming *Figueroa* and noting that "common law principles of negligence allow injured parties to recover against anyone who fails to

127

carry out their affirmative duties with due care."). The Third Circuit, however, has not spoken with one voice on this issue, with two different appellate panels reaching inconsistent interpretations of these enactments. In *Gass v. V.I. Telephone Corp.*, 45 V.I. 649, 311 F.3d 237 (3d Cir. 2002), the Third Circuit expressly adopted the holding and reasoning of *Figueroa* and, with respect to section 284(b), noted that the plain text of the statute authorizes suits against "any person . . . other than the employer named in a certificate of insurance." *Id.* at 661, 311 F.3d at 245. Significantly, the *Gass* court recognized that "[i]f there were any doubt as to the proper interpretation of Section 284(b), the Official Note attached to the bill removes it." *Id.* This Note reads, in pertinent part:

> This bill is needed to assist person [sic] who are injured while on the job . . . This need arises because the courts have been interpreting Section 284 of Title 24 of the Workmen's Compensation Act to grant immunity not only to a worker's immediate employer, but also to secondary employers *although the Legislature never intended immunity for these secondary wrongdoers*.

*Id* (emphasis added). Nevertheless, the *Tavarez* court held that "scrutiny of the plain language of § 284(b) fails to reveal any intent by the Virgin Islands' legislature to address whether an injured employee may initiate a civil action against a co-employee or a supervisor of the same employer" because the phrase "any person" should be construed as referring only to statutory employers. 372 F.3d at 191.

We hold that the *Figueroa* and *Gass* courts' construction of section 284(b) more accurately reflects the Legislature's intent in enacting that statute. It is well established that "this Court must presume that '[w]hen the legislature adopts a law . . . it intended that the entire statute be effective.'" *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (citation omitted). However, the *Tavarez* court's construction violates this rule of statutory interpretation by serving to write the last clause of section 284(b) out of the statute and render it ineffective. Significantly, while the first clause of the second sentence of section 284(b) expressly abrogates the "statutory employer and borrowed servant" doctrine, the Legislature had already eliminated this doctrine two years earlier when it enacted section 263a. While the *Tavarez* court correctly acknowledged that the 1986 amendment differs from the 1984 amendment, in that the enactment of section 263a in 1984 provided only prospective relief while the 1986

128

addition of section 284(b) authorized retroactive application, *id.*, the Legislature — had it wished to amend the statute to *only* apply section 263a retroactively — would not have added the "and an injured employee may sue any person responsible for his injuries other than the employer named in the certificate of issuance" clause to the last sentence of section 284(b), but merely ended the sentence after re-iterating that "[t]he 'statutory employer and borrowed servant doctrine' are not recognized in this jurisdiction."[9] Moreover, since the terms "contractor," "subcontractor," and "statutory employer" appear earlier in section 284(b), it stands to reason that the Legislature — had it intended for section 284(b) to apply only to those groups — would have chosen one or all of those phrases in lieu of "any person." Consequently, given that the *Tavarez* court's construction of section 284(b) not only contradicts the plain text of the statute, but renders the last clause wholly superfluous and without an independent meaning or function of its own, we reject its interpretation and hold that section 284(b) provides impressive evidence that the Legislature intended for the common meaning of "employer" to apply to the VIWCA and allow an injured employee to sue any person other than the party named in the certificate of insurance. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001) ("We are reluctant to treat statutory terms as surplusage in any setting.") (internal quotations omitted).[10]

---

[9] We further note that, although the *Tavarez* court correctly recognized that sections 263a and 284(b) were both added "in response to ongoing litigation regarding a borrowed employee's right to recover from his borrowing employer," 372 F.3d at 192, this context provides further support for applying the common meaning of the phrase "any person" in section 284(b) rather than the significantly narrower interpretation adopted in *Tavarez*. Notably, the fact that federal courts had *twice* expanded the scope of employer immunity under the VIWCA beyond what the Legislature intended would explain why the Legislature chose to expressly state, as part of the 1986 amendment, that "an injured employee may sue any person responsible for his injuries other than the employer named in the certificate of issuance" even though the particular issue of co-employee liability was not presently before any court.

[10] We note that the *Tavarez* court stated that "the broad reading of § 284(b) that Tavarez urges would frustrate the exclusivity of the remedy available under the [VI]WCA . . . because a corporate employer can act only through its agents and the acts of corporate . . . employees on behalf of the corporation are acts of the corporation." *Tavarez*, 372 F.3d at 191-92 (internal quotation marks omitted). Although we recognize the principle that corporations may only act through their agents, this, in and of itself, is not sufficient to hold that the Legislature intended to abrogate the common law and extend immunity to employees of covered employers. Notably, it is undisputed that sections 263a and 284(b) expressly exclude contractors

### c. Treating Phillip as a "Third Person" Would Not Lead to Absurd Consequences

The interpretation of "employer" adopted by the majority of jurisdictions, however, is in tension with the Third Circuit's construction of the VIWCA in *Tavarez*.[11] In *Tavarez*, the Third Circuit explained that

> [t]he Appellate Division of the District Court determined that Klingensmith was immune from liability because the duty which he breached, by refusing to change the tire, was the employer's non-delegable duty to provide a safe workplace. This rationale is consistent with the statutory scheme of the [VIWCA] and general principles of agency law. *See* RESTATEMENT (SECOND) OF AGENCY § 492 (1958); *Tunis Bros. Co.* [*v. Ford Motor Co.*, 763 F.2d 1482,] 1496 n. 21 [(3d Cir. 1985)] (observing that corporation can act only through its agents). Thus, we conclude that the immunity afforded to an employer under the [VIWCA] also shields a supervisor from personal liability for harm caused by his negligent failure to provide a safe workplace for the employer's workers.

*Tavarez*, 372 F.3d at 192-93. Because the Third Circuit essentially adopted the Appellate Division's reasoning as its own, it is also helpful to consider that court's conclusions. With respect to section 284(a), the Appellate Division held the following:

> Finally, imposing broad personal liability on employees for conduct done solely on behalf of their employer would be abhorrent to public

---

and subcontractors and — by extension — employees of contractors and subcontractors from the scope of VIWCA immunity, even though these groups are types of agents through which a corporation may act. Furthermore, while the employer in the instant case is organized as a corporation, this is not true of all employers — many of which may be sole proprietorships — and thus should not form the basis for a general rule regarding co-employee immunity, particularly when the VIWCA itself does not draw distinctions based on whether an employer is an incorporated or unincorporated entity.

[11] We also note that, despite the clear legislative directive for Virgin Islands courts to follow the common law as established by the majority of United States jurisdictions, 1 V.I.C. § 4, neither the Third Circuit nor Appellate Division decisions in *Tavarez* attempted to ascertain how any jurisdictions other than Puerto Rico have interpreted the same language in their workers' compensation statutes, even though the Appellate Division expressly acknowledged that "[its] research . . . has uncovered no binding authority or relevant legislative history on this issue." *Tavarez v. Klingensmith*, 267 F.Supp.2d 448, 451 (D.V.I. App. Div. 2003).

policy and would destroy the intended statutory protections for employers, by potentially subjecting them indirectly to dual liability. Under agency principles, an employer may be held vicariously liable for its employees' negligent conduct occurring during the scope of employment. *See, e.g., Williams v. Rene*, 72 F.3d 1096, 1099, 33 V.I. 297 (3d Cir. 1995) (discussing respondeat superior). Hence, it follows that if employees are held liable for acts done on behalf of an employer, that employer could potentially be later made to bear the consequences of those acts, thereby nullifying the immunity afforded under the [VIWCA] and, essentially, "depriving ... employers of their side of the [VIWCA's] *quid pro quo*." *Peter* [*v. Hess Oil V.I. Corp.*, 903 F.2d 935,] 953 [(3d Cir. 1990)] (discussing analogous statute). Permitting such back door liability, in the face of the statutory immunity afforded employers, is contrary to the spirit of that statute and would produce absurd results.

*Tavarez v. Klingensmith*, 267 F. Supp. 2d 448, 454-55 (D.V.I. App. Div. 2003). In other words, both courts essentially found that applying the common meaning of the word "employer" would be contrary to the Legislature's intent. *See Lynch v. Overholser*, 369 U.S. 705, 710, 82 S. Ct. 1063, 8 L. Ed. 2d 211 (1962) (warning against "the dangers of an approach to statutory construction which confines itself to the bare words of a statute . . . for 'literalness may strangle meaning.' ") (quoting *Utah Junk Co. v. Porter*, 328 U.S. 39, 44, 66 S. Ct. 889, 90 L. Ed. 1071 (1946)); *Viacom Int'l, Inc. v. FCC*, 672 F.2d 1034, 1040 (2d Cir. 1982) (stating that "the surest way to misinterpret a statute is to follow its literal language without reference to its purpose.").

The Third Circuit and the Appellate Division are correct that, in enacting the VIWCA, the Legislature intended to create a system in which employers would receive immunity from employee lawsuits stemming from accidental workplace injuries in exchange for "afford[ing] expeditious compensation to employees . . . without regard to fault or negligence of employer or employee." 24 V.I.C. § 250. Thus, if these courts are correct that adopting the ordinary meaning of an undefined term in the VIWCA statute would eliminate this *quid pro quo* arrangement by allowing an employee to file suit against his employer for negligence despite receiving workers' compensation benefits, the outcome would clearly be absurd and would foreclose such an interpretation.

131

 But we cannot conclude that applying the common meaning of "employer" in this context would lead to an outcome that is contrary to the Legislature's intent. Assuming without deciding that the Third Circuit is correct that the duty to provide a safe workplace is a non-delegable duty under the common law,[12] the fact that an agent has been entrusted with performing a principal's non-delegable duty does not relieve the agent of liability in tort for the failure to perform that duty, for — like the concept of *respondeat superior* — the rule operates to make the principal liable for conduct to which liability would not otherwise attach.[13] As the Supreme Court of Connecticut has explained:

> [I]t is not a necessary implication of the nondelegable duty doctrine that the contractor to whom the performance of the duty has been assigned may not, under appropriate circumstances, also owe the same duty to a party injured by its breach. Pierni has not cited any cases for this proposition. In addition, both § 324A (b) of the RESTATEMENT (SECOND) OF TORTS and those cases decided elsewhere; *see, e.g., Petition of Alva S.S. Co., Ltd.*, 616 F.2d 605, 610 (2d Cir. 1980); *U.S. Security Services Corp. v. Ramada Inn, Inc.*, [665 So.2d 268,] 270

---

[12] In support of this proposition, the Third Circuit relied on the RESTATEMENT (SECOND) OF AGENCY § 492 (1958), which expressly identifies the right to provide reasonably safe working conditions as a non-delegable duty. We note, however, that the RESTATEMENT (THIRD) OF AGENCY (2006) expressly states that, although non-delegable duties exist, "[i]t is beyond the scope of this Restatement whether such a duty is present in particular circumstances." RESTATEMENT (THIRD) OF AGENCY § 7.06 cmt. a. More significantly, "[t]his Court is bound only by those decisions of the Third Circuit Court of Appeals in which certiorari has been granted and this Court's interpretation of local law has been reversed," *Banks*, 2011 V.I. Supreme LEXIS 46, at *8, and this Court "may determine the common law without automatically and mechanistically following the Restatements." *Id.* 2011 V.I. Supreme LEXIS 46, at *16. Because resolution of this issue is not necessary to our decision herein, we express no opinion as to whether the Third Circuit is correct that the duty to provide a safe workplace is a non-delegable duty under Virgin Islands common law.

[13] *See John Y., Jr. v. Chaparral Treatment Ctr., Inc.*, 101 Cal. App. 4th 565, 124 Cal.Rptr.2d 330, 341 (Cal. Ct. App. 2002) (explaining that "the doctrine of nondelegable duty is parallel to that of *respondeat superior*" and that "[b]oth have the aim of ensuring that the employer is responsible to innocent third parties for the negligent acts of its agents."); *Zueck v. Oppenheimer Gateway Props.*, 809 S.W.2d 384, 386 (Mo. 1991) (explaining that purpose of non-delegable duty rule "is to prevent the [principal], for whose benefit the work is being done, from avoiding liability and defeating the recovery of an injured, innocent third party, by hiring a[n] [agent] who is not fiscally responsible. . . ."); *cf. Williams v. Rene*, 72 F.3d 1096, 1099, 33 V.I. 297 (3d Cir. 1995) (explaining that under doctrine of *respondeat superior*, "[t]he employer's liability is vicarious and secondary to that of the employee, which is primary.").

132

[(Fla. Dist. Ct. App. 1996)]; *Brooks v. Hayes*, [133 Wis. 2d 228, 395 N.W.2d 167, 175 (Wis. 1986)]; suggest otherwise. Moreover, we see no persuasive policy reasons to attach such an implication to the doctrine as a matter of law. Instead, we view the nondelegable duty doctrine as involving a form of vicarious liability, pursuant to which the party with the duty may be vicariously liable for the conduct of its independent contractor. That vicarious liability, however, does not necessarily preclude liability on the part of the independent contractor.

*Gazo v. City of Stamford*, 255 Conn. 245, 765 A.2d 505, 512 (Conn. 2001). In other words, "a 'nondelegable duty' is a misnomer, inasmuch as the duty is always delegable, but the liability is not." *Davis v. State Farm Mut. Auto. Ins. Co.*, No. 1:08cv464, 2009 U.S. Dist. LEXIS 13801, at *23 (W.D.N.C. Feb. 10, 2009) (unpublished). *See also Simmons v. Tuomey Reg'l. Med. Ctr.*, 330 S.C. 115, 498 S.E.2d 408, 412 (S.C. Ct. App. 1998) ("The real effect of finding a duty to be nondelegable is to render not the duty, but the liability, not delegable; the person subject to a nondelegable duty is certainly free to delegate the duty, but will be liable to third parties for any negligence of the delegate, regardless of any fault on the part of the delegator . . . . Unfortunately, insufficient discipline is exercised by courts and commentators in the use of the term.").

 Although the VIWCA abrogates the common law rule by providing an employer with an absolute immunity from such vicarious liability when the injured employee is eligible for workers' compensation benefits, it cannot automatically follow that the employer's immunity from suit requires that its agent receive a comparable immunity, for "[i]f two persons would otherwise be liable for a harm, one of them is not relieved from liability by the fact that the other has an absolute privilege to act or an immunity from liability to the person harmed." RESTATEMENT (SECOND) OF TORTS § 880 (1979). *See also id.* cmt. a (explaining that "when an employer . . . has an immunity from suit for an act done by a servant, the tortious servant is still subject to liability."); *Highway Constr. Co. v. Moses*, 483 F.2d 812, 815 (8th Cir. 1973) ("The employer's immunity from suit by his employees, however, does not extend to immunize a personally negligent employee from suit by coworkers whom he has injured.") (applying South Dakota's workers' compensation statute). Thus, in the absence of a statute expressly immunizing an insured employer's employees from tort liability — which many jurisdictions

have adopted through the legislative process — the mere fact that an employee tortfeasor is performing an insured employer's non-delegable duty when the accident occurs cannot immunize the employee tortfeasor from liability to the injured co-employees. *See Baugh v. Rogers*, 24 Cal. 2d 200, 148 P.2d 633, 641 (Cal. 1944) ("The employee's right to recover against a third person is not affected by the fact that the 'person other than the employer' is not a stranger but has entered into a consensual legal relationship with the employer."); *cf. Gass*, 311 F.3d at 245-46 (explaining that independent contractor's statutory immunity from suit by its employee under VIWCA does not preclude employee from filing suit against independent contractor's employer); *Figueroa*, 198 F. Supp. 2d at 642 ("[A] secondary employer is not immune from suit simply because the primary employer is protected under workmen's compensation.").

██ ██ In addition, failing to treat an employee tortfeasor as an "employer" under section 284(a) would not deprive an employer of the VIWCA's *quid pro quo* and subject the employer to dual liability. Because the VIWCA provides the employer with absolute immunity from suit, neither the injured employee nor the tortfeasor employee may join the employer as a party in the underlying lawsuit, and the tortfeasor employee cannot recover from the employer through an action for contribution. *See Highway Constr. Co.*, 483 F.2d at 815 ("It is universally held that an employer who is immune from a tort action brought by an injured employee under the workmen's compensation statutes could not therefore be compelled to contribute.") (citing M.O. Regensteiner, *Effect of Workmen's Compensation Act on Right of Third-Person Tortfeasor to Recover Contribution from Employer of Injured or Killed Workman*, 53 A.L.R.2d 977 (1957)); *Holbrook v. Woodham*, No. 3:05-304, 2009 U.S. Dist. LEXIS 11138, at *12 (W.D. Pa. Feb. 13, 2009) (explaining that "the majority approach shields employers from suit for contribution by a joint tortfeasor even where the employer's concurring negligence contributed to the employee's injury.") (citing 7 LARSON, WORKERS' COMPENSATION LAW § 121.02) (unpublished); *Giery v. Stover Homes, L.L.C.*, No. 08C-04-146, 2009 Del. Super. LEXIS 102, at *3 (Del. Super. Ct. Mar. 24, 2009) (explaining that third party tortfeasor cannot sue injured employee's employer for contribution when Workers' Compensation Act provided employer with absolute immunity from suit by injured employee) (unpublished). Moreover, although some employers may, because of liability insurance they have purchased or contractual

obligations they have entered into, be required to indemnify employees who have been sued in their personal capacity by injured employees, such actions are rooted in contract, not tort, and courts have consistently held that an employer may *voluntarily* waive the broad immunity conferred by a workers' compensation statute through a contractual agreement even though such a waiver is not expressly authorized by statute. *See, e.g., Brown v. Prime Const. Co., Inc.*, 102 Wn.2d 235, 684 P.2d 73, 75 (Wash. 1984) (holding that tort immunity under workers' compensation statute, while "appear[ing] absolute," is overcome by "a properly worded indemnity agreement," even though "such agreements are disfavored."); *SW (Delaware), Inc. v. Am. Consumers Indus., Inc.*, 450 A.2d 887, 888 n.1 (Del. 1982) (explaining that joint tortfeasor may sue employer for indemnification based on a contract even if no right to pursue a contribution claim based in tort); *see also Olsen v. Shell Oil Co.*, 595 F.2d 1099, 1103 (5th Cir. 1979) (holding that exclusive liability provision of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905, does not preempt action for indemnity against employer based on contractual obligation because "[n]o underlying public policy, no statute, and no case law" prevents an immune party from agreeing to indemnify a non-immune party.)[14] Finally, the Appellate Division in *Figueroa* expressly rejected a virtually identical argument in the context of extending VIWCA immunity to employers of independent contractors, holding that the fact that the company employing an independent contractor "is indirectly bearing the cost of the insurance premiums" is irrelevant because "[u]nlike many jurisdictions, where these 'equity' considerations may be controlling, the statutory law and public policy of this jurisdiction compel a different result" because "we cannot ignore the mandate of the Legislature and apply . . . 'equity' considerations" to extend a statutory immunity beyond the Legislature's intent. *Figueroa*, 198 F. Supp. 2d at 641.

Finally, we do recognize that "[i]n three states . . . the courts have been so impressed by the policy arguments for coemployee immunity that they have decreed it themselves, with no help from the legislature," out of a

---

[14] In addition, several states have passed legislation expressly authorizing such waivers. *See, e.g., Bester v. Essex Crane Rental Corp.*, 422 Pa. Super. 178, 619 A.2d 304, 306-07 (Pa. Super. Ct. 1993) (citing 77 P.S. § 481(b)); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 7 (Tex. 1990) (citing TEX. REV. CIV. STAT. ANN. art. 8306, § 3(d)).

belief that the common law right to sue a fellow employee cannot co-exist with a workers' compensation regime. 6 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 111.03[2] (rev. ed. 2008). (citing cases in Mississippi, Tennessee, and Kentucky). However, "for most of the history of the [workers'] compensation system, these rights did indeed coexist quite comfortably in the great majority of states." *Id.* But even more importantly, "the objection [to co-employee immunity] is not to the result," but to the ends used to reach that result, for "[t]o achieve the same end result judicially involves a questionable exercise in judicial legislation." *Id.* In other words, the decision to extend the VIWCA's immunity provision to co-employees is ultimately "a *legislative* change" that requires the Legislature — rather than this Court — to consider the policy arguments both for and against such an immunity and, if necessary, amend the VIWCA. *Id.* (emphasis in original).

█ Based on the foregoing, we hold that Phillip is not an "employer" under section 284(a) and, consequently, is a "third person" that Defoe may sue pursuant to section 263. Nothing in the record indicates that Defoe had entered into an employment contract with Phillip, or that Phillip personally paid Defoe's wages. Furthermore, declining to treat Phillip as Defoe's employer would not lead to absurd results and would not be inconsistent with the Legislature's intent in enacting the VIWCA. Accordingly, we reverse the Superior Court's grant of summary judgment to Phillip and remand this matter to the Superior Court for further proceedings.[15]

### III. CONCLUSION

We acknowledge that the Superior Court faithfully applied precedent that is binding on it when it granted Phillip's motion for summary judgment based on *Tavarez*. However, as the Third Circuit has acknowledged in *Pichardo* and *Lewis*, this Court is not bound by prior

---

[15] In his appellate brief, Defoe also argues (1) that the *Tavarez* decision only applies to supervisory co-employees, and (2) that the Superior Court erred when it held that the common law duty to safely operate a motor vehicle on private property is not independent of the duty to provide a safe workplace. However, given our holding that the VIWCA does not preempt Defoe's claim against Phillip, it is not necessary for this Court to address Defoe's alternate arguments for reversal.

federal interpretations of Virgin Islands local statutes, and thus we possess an obligation to perform our own independent analysis of the VIWCA's statutory language and the Legislature's intent. Therefore, because we conclude that the Legislature did not intend to include employees such as Phillip in its definition of "employer," we reverse the Superior Court's January 13, 2009, January 16, 2009, and February 12, 2009 Opinions and Orders granting summary judgment and dismissing Defoe's complaint and remand this matter to the Superior Court for proceedings consistent with this Opinion.